No. 10,531.

BYRD v. THE PEOPLE.

Decided February 5, 1922.

Plaintiff in error was convicted of a violation of the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Intoxicating Liquors—Venue—Evidence.* The contentions, in a criminal case, that the evidence was insufficient to support the verdict, and that the venue of the crime was not established, overruled.

*Error to the District Court of Yuma County, Hon. H. E. Munson, Judge.*

Mr. LOUIS VOGT, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was convicted of manufacturing intoxicating liquors in violation of the statute, and from the sentence imposed upon such conviction, he brings error.

Of the numerous errors assigned but two are argued, namely, that the evidence is insufficient to support the verdict, and that the venue of the crime was not established.

The evidence clearly establishes that the sheriff and another officer upon going to the premises of the accused, found him cooking mash on a stove in the house, a coil for distilling still warm dropped out of the window of the house and containing some liquid which the officer testified was whiskey. He also testified that the window sill was

wet with a liquid which smelled like whiskey. An analysis of the mash showed something over ten per cent alcohol. The plaintiff in error himself admitted that he was experimenting in the making of whiskey, but claimed at the time of his arrest he had made none.

There was an abundance of evidence to justify the verdict. As to the venue the sheriff testified that the matters above stated occurred "at Mr. Byrd's place near Joes in this county", and he testified that by "this county" he meant Yuma County, Colorado.

The cause seems to have been fairly tried, the venue sufficiently established, and the evidence supports the verdict. The supersedeas is denied and the judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.